CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 7 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| OTIS ANTONIO SMITH,<br>Petitioner, | Civil Action No. 7:06cv00391 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Otis Antonio Smith, filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute 50 grams or more of cocaine base and five hundred grams or more of powder cocaine in violation of 21 U.S.C. § 846; four counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and a forfeiture charge. Smith claims that counsel provided ineffective assistance in failing to object to the pre-sentencing report's determination that he was a Career Offender when his predicate offenses had been consolidated and in failing to file an appeal after Smith requested him to. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Smith's claim that counsel was ineffective in failing to file an appeal upon request and therefore orders an evidentiary hearing on the issue.

## I.

On July 21, 2004, a grand jury returned a 49-count indictment against Smith and thirteen other defendants. Smith was charged with conspiring to distribute 50 grams or more of cocaine base and five hundred grams or more of powder cocaine (Count One); four counts of possessing cocaine with intent to distribute (Counts Thirty, Forty-five, Forty-six, and Forty-seven); and a forfeiture charge (Count Forty-nine). On September 7, 2004, the United States filed an information pursuant to 18 U.S.C. § 851. On October 18, 2004, by written plea agreement, Smith pled guilty to Count

One and waived his right to appeal any sentencing guideline issues, to collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel known and not raised at the time of sentencing. In accordance with the plea agreement, the court dismissed the remaining counts of the indictment pertaining to Smith. The court ultimately sentenced Smith to 360 months for Count One, followed by a five year term of supervised release.

## II.

One of Smith's claims of ineffective assistance is that counsel failed to file an appeal upon Smith's request. Because this claim pertains to a phase post-dating execution of his waiver, it falls outside its scope, requiring the court to assess this claim on its merits.[1]

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was

---

[1] See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").

At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

2

ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Smith's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate the merits of Smith's allegation. Accordingly, the court orders an evidentiary hearing on the issue.

## III.

With regard to Smith's other claim of ineffective assistance, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Smith's other claim, the court will not address respondent's argument in its motion to dismiss regarding Smith's other claim at this time.

## IV.

For the reasons stated herein, the court orders an evidentiary hearing on the issue of whether Smith requested his attorney to file an appeal.

**ENTER:** This _17th_ day of January, 2007.

_____
United States District Judge

3